Chief JTusttoe Robertson
delivered the Opinion of the Court.
On a bill for Alimony, the Circuit Court decreed to the defendant in error, during her life, one third of the personalty, land and slaves of her husband; who now seeks a reversal of the decree on two grounds: to-wit, first— because the defendant was entitled to no decree; and, second — because the decree rendered is excessive in ainount, and erroneous in detail. •
Adopting the civil law, in this particular, the Ecclesiastical Courts of England, an,d the Chancery Courts of this country have, not unfrequently, granted divorces a mensa et tlioro, and secured alimony to wives whose husbands had treated them barbarously or cruelly, And, without the statute of 1800, we should not doubt the power of the Chancellor, in this State, to decree alimony, for such cruel .treatment by the husband as would render a. separation proper.
The proofs in this case are not perfectly satisfactory. They present the but too common case of an intemperate and turbulent husband — violent and reckless when drunk, and occasionally kind and repentant when sober; sometimes assailing, in a violent and most vulgar manner, an amiable and inoffensive wife, and sometimes promising reformation, and caressing her with an imploring but transient fondness.
But, though the question of alimony, on the facts exhibited, is somewhat vexatious, we are inclined to the opinion, that the good conduct of the wife is satisfactorily established, and that, under the dominion of such husband, however good natured and kind when sober and pleased, she would have no assuring hope of being *29 either happy or altogether safe. We are, therefore, of the opinion, that a case of that kind of severity or cruelty denominated scevitia, and which, according to the civil law, and the spirit and object of thé statute of 1800 of this State, will authorize a decree for alimony, has been made out; and that, being now separated for sufficient cause, it is not the duty of the defendant to return and cohabit with the plaintiff; consequently, we cannot disapprove so much of the decree of the court below as decided that she was entitled to alimony.
The allowance noMbe'fiir ° the term of the wife’s lives, or until husband Thefomer — the the court reserv;ng the rjght to, °auoUS’ anee, according t0 circumstances ble model
But there are two strong objections to the character and details of the decree: first — that the measure, and, second — that the kind of allowance decreed are not such as, in a case for alimony merely, precedents or propriety will sanction.
Alimony is the maintenance secured by judicial authority, during coverture, or until reconciliation. There being no divorce a vinculo, it cannot be right to decree any allowance for the term of the wife’s life. If she survive her husband, she would be entitled also to dower, At his death, the law provides for her; and being then suce juris, there is no necessity for a decree for mainten- , , . , , , ance, nor any suitableness or propriety in such a decree. It is only whilst she is permitted to live apart from her husband during coverture, that she can claim or be entitled to the protection of the Chancellor, or to alimony from the husband. 4* A demand of alimony, be-44 ing personal, dies with the husband” — Fonblanque (3rd Jlmer. Edition,) 62; 2 Desaussure’s Equity Reports, 206.— When alimony is decreed, therefore, it should be allowed only during the joint lives of the husband and wife, or until reconciliation and re-cohabitation. No obstacle to a restoration of the conjugal relations should be interposed by a decree for maintenance, to which the wife is entitled only during her exfamiliation.
But, as reconciliation is a fact en pais, and as an artful husband might, for the purpose of frustrating a decree for alimony during separation, seduce an artless wife into a momentary reunion, and then expel her, or renew his cruelty, it would, we think, be better that alimony should be decreed during their joint lives simply— *30 the court reserving the right to change the allowance from time to time according to circumstances, or to revoke it altogether, on satisfactory proof of a voluntary and permanent reconciliation. Such was the practice of Chancellor Kent, sustained by principle and authority.
Partition of the husband’s estate and allotment to the wife, upon a divorce, is not proper. The allowance of alimony should be, a certain portion (4 or 4) of the profits of his estate, to be secured by bond with surety — the payments to be enforced by attachment §-c. if necessary.
On a w. e. to a decree for alimony, the husband, though plaintiff, and the decree reversed, pays all costs.
Nor was it necessary, or strictly proper, to decree a partition of the plaintiff’s estate. A reasonable allowance out of the annual value or profits of the husband’s whole estate, is all that is generally necessary or proper. It would not be right to decree to the wife, during coverture, dominion over the property of her husband, if a competent support out of the profits can be otherwise secured. The more approved and provident decree is to require a bond, with approved security, for such an annuity as shall be fixed by the court, payable in prescribed instalments — reserving the power to compel payment, from time to time, by attachment, sequestration, or otherwise; and, unless the husband shall refuse to give such security, a decree for partition of his estate would be, not only unnecessary, but incongruous, .unusual and injurious.
The usual, if not universal, allowance by the Ecclesiastical Courts of England, has been an annual contribution out of the income of the husband’s estate; and such a provision seems to be, under ordinary circumstances, appropriate, unexceptionable, and all-sufficient. Miller vs. Miller, 6 John. Ch. Rep. 91; 4 Hen. and Munf. 517.
As the statute of 1800 prescribes no mode of allowance for alimony, the established rules and usages in Equity must govern in this case. A third of the annual value of the husband’s estate is as much as has usually been allowed for alimony. The ratio has sometimes been a fourth. We are inclined to think that a third would not be unreasonable in this case.
Decree reversed, and cause remanded with instructions to render a decree for alimony, according to the principles of the foregoing opinion.
But the plaintiff in error must pay the costs of this suit.